IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ALICIA HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-1194-CV-S-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On July 28, 2011, following the hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On October 28, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir.

1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more than a mere scintilla but less than a preponderance. It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997)(citing Clark v. Chater, 75 F.3d 414, 416 (8th Cir. 1996)). The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5

(8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2)

The Court has reviewed the parties' briefs and the record below. Despite this searching review, the Court cannot find substantial evidence in the record to support the Commissioner's decision. Specifically, the Court notes that the ALJ did not perform any analysis discrediting the opinions of Dr. Stacy Bray, who is an examining psychologist who performed valid MMPI-2 and MCMI-3 testing on plaintiff. As noted by plaintiff in her reply, Dr. Bray found that plaintiff "was in significant emotional distress, exhibited significant behavioral dysfunction, evidenced agitated depression with a demanding irritability towards others, was highly likely to have periods of manic hyperactivity, and at least a moderate level of pathology in personality organization." Doc. No. 16, citing Tr. 279-280. Furthermore, Dr. Bray concluded that plaintiff would be prone to "temper tantrums, belligerence, and anger." Tr. 280. The vocational expert testified that there would be no work for a person with episodes of manic hyperactivity and anger that occurred occasionally in the workplace. Tr. 47.

Despite these statements in the record that were before the ALJ, in his opinion (Tr. 8-17) he describes Dr. Bray's report as follows: "[T]he [state agency] psychological consultant's opinion stating the claimant retains the capacity to perform unskilled work with limited public contact is consistent with the findings of Stacy Bray, Psy.D., a licensed psychologist who evaluated the claimant at the request of her therapist for the purpose of diagnostic clarification (Exhibit 10F). The results of the examination and testing by Dr. Bray revealed that the claimant had appropriate social skills and noted there was no evidence of a thinking disorder." Tr. 15. This is the only mention made of Dr. Bray's psychological testing within the ALJ's opinion. The Court finds that the ALJ seriously mischaracterizes the content of Dr. Bray's report, as a review of Dr. Bray's report makes clear that Dr. Bray does not conclude that plaintiff retains the

capacity to perform unskilled work. Instead, it appears that the ALJ "cherry-picked" the few positive statements made in that report, and ignored the multitude of serious symptoms and pathologies indicated within that report that would preclude work. See Tr. 278-281.

Reversal and entry of judgment may be appropriate when a remand would only serve to delay the award of benefits. Porch v. Chater, 115 F.3d 567, 573 (8th Cir. 1997) (citing Andler v. Chater, 100 F.3d 1389, 1394 (8th Cir. 1996)). The Court finds that the record in this case unquestionably supports an award of benefits.

Accordingly, it is hereby **ORDERED** that plaintiff's claim, as stated in her brief (Doc. # 12) is **GRANTED**, and the decision of the Commissioner is hereby reversed and judgment shall be entered awarding plaintiff benefits.

Date: August 27, 2012　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge